**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018[*]
Decided December 10, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3337

| | |
|---|---|
| JULIAN J. MILLER,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>CLINT PEACHEY, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States<br>District Court for the Eastern District<br>of Wisconsin.<br><br>No. 16-CV-204<br><br>Lynn Adelman,<br>*Judge*. |

**O R D E R**

Julian Miller, a Wisconsin prisoner, sued three correctional officers for using excessive force when they injured his wrist and neck while transferring him to a segregation unit. The district court granted the correctional officers' motion for

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

summary judgment, concluding that no reasonable jury could find in Miller's favor. Because that conclusion is correct, we affirm.

Several hours after Miller threw a newspaper at a correctional officer named Reyes, striking him in the face and shoulder, three other officers—Drifften Kitzman, Jerry Harrington, and Clint Peachey—moved Miller to a temporary segregation unit. Kitzman and Harrington handcuffed Miller and, each holding one of Miller's elbows and wrists, escorted him to the unit, with Peachey following closely behind. Miller says that he warned the officers that his left wrist was tender, having been broken twice before. At one point, the group crossed paths with Reyes. Miller shouted at him, demanding to know why he filed a conduct report. Peachey told Miller to "shut up." Miller's account differs slightly from the officers' but, recounting the facts in the light most favorable to him, *see Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1009 (7th Cir. 2013), his left wrist was reinjured when Kitzman and Harrington tightened their grips, causing him to tense up. Peachey then grabbed Miller by the neck and head, shoving his head back in a manner that Miller characterizes as a "chokehold." When Miller began choking on a piece of candy he had been eating, Peachey released him. Peachey asked Miller if he was okay, and Miller replied that he was and started walking on his own. Peachey then corralled Miller by the neck and head once more and asked him if he was "going to go like a man or a girl." Peachey restrained Miller for about a minute until the group reached the segregation unit. Miller later saw a nurse and reported that his pain lasted for one or two hours.

Miller filed a grievance alleging excessive force during the transfer. The grievance was eventually denied, but an initial response from inmate complaint examiner Joanne Bovee—describing Security Director R. Phillips's review of the matter—contained the misstatement that "excessive force was used" (according to Bovee's sworn declaration, the response should have expressed Phillips's finding that "excessive force was *not* used").

Miller sued Peachey, Kitzman, and Harrington under 42 U.S.C. § 1983 for using excessive force and failing to intervene to stop the use of excessive force by others. Miller also asserted that Peachey retaliated against him and that the conditions of his confinement were unconstitutional.

After the officers moved for summary judgment, Miller argued that the evidence—including Phillips's statement, a declaration by a fellow inmate witness supporting Miller's account of the facts, and an anonymous inmate's prior grievance alleging a similar use of excessive force by Peachey—established genuine issues of material fact. But the district court granted summary judgment for the defendants,

concluding that nothing in the record suggested either that Kitzman and Harrington applied any more force than they believed was necessary, or that Peachey acted maliciously or sadistically with the intent to harm Miller. Peachey's taunting Miller, perhaps crude and unprofessional, was "hardly enough to show that Peachey was sadistically trying to harm [him]," the court continued. As for the statement in Bovee's report about the use of excessive force, the court excluded it as hearsay. (The district court also rejected Miller's other claims, which he does not address further on appeal.)

Miller then moved to alter or amend the judgment, FED. R. CIV. P. 59(e), arguing that the court did not consider the fellow inmate's declaration or Bovee's reference in her report to Phillips's statement that excessive force was used. The court denied the motion, explaining that the inmate's declaration was redundant because the court—in its summary-judgment analysis—had adopted Miller's account of the facts, and Phillips's statement was hearsay.

On appeal, Miller contends that the court "failed to view his evidence in a light most favorable to him" and focused exclusively on his lack of serious injury and the short duration of the encounter. He asserts generally that the court erred in not accepting his characterization of the officers' force as malicious and sadistic.

As the district court explained, however, it accepted the facts as asserted by Miller. Even if the degree of force was what Miller alleged it to be, the court explained, no reasonable jury could find that the force applied was anything more than unreasonable. And conduct that is merely unreasonable is insufficient to support an Eighth Amendment excessive-force claim. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 667–68 (7th Cir. 2012). With regard to the court's mention of Miller's minor injuries and the short duration of the encounter, the court is free to consider these factors because they, among others, are relevant to determining whether the force was applied in good faith or maliciously and sadistically. *Id.* at 668.

Next, Miller argues that the court wrongly excluded favorable relevant evidence, particularly Bovee's reference in her report to Phillips's out-of-court statement. This statement, he contends, is either not hearsay because it is an admission by a party-opponent under FED. R. EVID. 801(d)(2)(D), or alternatively, qualifies as a hearsay exception for records of a regularly conducted activity or public records under FED. R. EVID. 803(6) and 803(8).

The district court properly excluded the statement. The statement is not an admission by a party-opponent because Phillips is not a party—the district court dismissed him as a defendant at screening, *see* 28 U.S.C. § 1915A(a), months before either party moved for summary judgment. Nor does the statement qualify as an

exception under Federal Rule of Evidence 803(6) or (8), given that those exceptions would apply only to Bovee's report and not to Phillips's statement contained within it. *See* FED. R. EVID. 805; *Jordan v. Binns*, 712 F.3d 1123, 1129–30 (7th Cir. 2013).

Miller also asserts that the court overlooked his argument about the anonymous inmate's grievance against Peachey. But Miller failed to develop this argument in the district court and has not explained how this grievance supports his claim.

AFFIRMED